DANIEL F. KELLY, Petitioner-Appellant, *v.* DIANE WARNER, Respondent-Appellee.

Third District   No. 3—83—0236

Opinion filed November 9, 1983.

Daniel F. Kelly, of Indianapolis, Indiana, for appellant.

Florence L. Bennett, of Peoria, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This is the second time this case has come before us. On August 23, 1977, a Peoria County circuit court entered an order dissolving the marriage of Daniel and Diane Kelly. Custody of the couple's two children was given to Diane, who remarried and, with the court's permission, moved to Indianapolis, Indiana, in August of 1981. Daniel's visitation rights were modified accordingly.

Diane filed her own motion to modify visitation and on December 1, 1981, the court entered an order reducing the visitation rights of Daniel Kelly who appealed to this court.

In an unpublished order, we reversed the trial court holding that the modification of visitation was unreasonably restrictive and manifestly unjust to Mr. Kelly. (Warner v. Kelly, No. 82—2, filed November 8, 1982.) Recognizing that some adjustment in the visitation schedule was necessary, we remanded the cause for further proceedings in accord with our opinion. The trial court was directed to hear additional evidence in order to take into account any changed circumstances since the last hearing.

On remand, Diane Warner moved to have jurisdiction transferred to Marion County, Indiana, because all of the parties now lived in Indiana. Daniel had moved to Indianapolis in June of 1982. The court granted the motion finding it no longer had jurisdiction and that Peoria was an inconvenient forum. Mr. Kelly appeals arguing that the court did not lose its jurisdiction and that by transferring the cause, the trial court failed to obey our mandate on remand. We reverse.

The first question is whether the court was deprived of jurisdiction in this matter because all of the parties live in another State. If the trial court no longer had jurisdiction, it was powerless to act. Therefore, transfer of the cause would not have been contrary to our

mandate.

The trial court found that it had lost jurisdiction pursuant to the terms of sections 4(b) and 8 of the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA) (Ill. Rev. Stat. 1981, ch. 40, pars. 2104(b), 2018). Section 4(b) provides that:

> "(b) A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois."

Jurisdiction to enter the custody modification order of December 1, 1981, was obtained pursuant to section 2104(1)(ii):

> "Sec. 4. Jurisdiction. (a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if:
>
> 1. this State
> * * *
>
> (ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or * * *."

The court also found that Peoria was an inconvenient forum in accord with section 8, which need not be quoted here.

■■ ■ We are aware that the UCCJA and section 2104(b) in particular are intended to operate as limitations on a court's continuing jurisdiction in custody matters. (*Siegel v. Siegel* (1981), 84 Ill. 2d 212, 221.) However, we do not believe that section 4(b) was intended to divest a court of jurisdiction in the midst of a custody modification proceeding based on a change in circumstances occurring after the proceeding had commenced but prior to final determination.

■■ The jurisdiction of a court over the subject matter and parties in a case, once fully attached, continues until all issues of fact and law have been decided. Once jurisdiction has been vested, it cannot be divested by subsequent events. Generally, a court's jurisdiction ceases upon rendition of a final judgment *except for such purposes as the enforcement or correction of the judgment. Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, 31.

■■ The concept of continuing jurisdiction in child-custody matters permits a court to retain jurisdiction, acquired in the original proceeding, to make future modifications of the decree. Recognizing that the UCCJA now limits continuing jurisdiction, we nonetheless find that, based on the principles set out in *Fiore*, mere movement of the par-

ties cannot serve to divest a court of its jurisdiction once acquired during modification proceedings which are underway but unconcluded.

■ Applying these principles to the present case, the trial court had properly acquired and retained jurisdiction to enter the order dated December 1, 1981. The fact that Mr. Kelly later moved to Indiana while the case was pending before this court did not divest the court of jurisdiction after the cause was remanded. The trial court retained authority to make a final determination in this matter, and it was error for the court to decline jurisdiction in the middle of unfinished business.

■ Since the trial court retained jurisdiction, it was under a duty to obey the mandate set forth in our opinion. (*City of Springfield v. Allphin* (1980), 82 Ill. 2d 571.) We directed the court to conduct further proceedings and take into account any change in circumstances. Instead, the trial court conceded jurisdiction to Indiana after making a discretionary ruling under section 8 finding that Peoria was an inconvenient forum. Perhaps our mandate was misunderstood. On remand, it was our intent that the trial court finish what it had started by making a final adjustment of Mr. Kelly's visitation rights in accord with the views expressed in our opinion.

The judgment of the circuit court of Peoria County is reversed. The cause is remanded, and the trial court is instructed to conduct further proceedings and enter an order modifying the visitation rights of Daniel Kelly consistent with the views set forth in our previous opinion. We further direct that the resolution of this matter be heard by a trial judge to be selected by the Chief Judge of the Tenth Judicial Circuit who has not had previous involvement with this case.

Reversed and remanded with directions.

STOUDER, P.J., and BARRY, J., concur.