JASON'S FOODS, INC., an Illinois corporation, Plaintiff-Appellant,

v.

PETER ECKRICH & SONS, INC., a Delaware corporation, Defendant-Appellee.

No. 84–2225.

United States Court of Appeals, Seventh Circuit.

Argued April 17, 1985.

Decided July 22, 1985.

Norman Light, Chicago, Ill., for plaintiff-appellant.

Arnold D. Fielkow, Leahy & Eisenberg, Ltd., Chicago, Ill., for defendant-appellee.

Before POSNER and COFFEY, Circuit Judges, and DUMBAULD, Senior District Judge.*

* Hon. Edward Dumbauld of the Western District of Pennsylvania, sitting by designation.

POSNER, Circuit Judge.

■ Jason's Foods, Inc. brought suit against Peter Eckrich & Sons, Inc. for breach of contract, basing federal jurisdiction on diversity of citizenship. The district judge granted summary judgment for Eckrich and dismissed the case, and Jason's has appealed. Although no party has contested jurisdiction, we have an independent obligation to satisfy ourselves that this case really is within the jurisdiction of the federal courts; and this turns out to be unclear, and requires a limited remand to the district court.

■ The complaint alleges that "Plaintiff, Jason's Foods, Inc., is a corporation incorporated under the laws of Illinois and has its corporate headquarters and place of business at Northbrook, Illinois." This adequately if inartfully pleads that the plaintiff is a corporate citizen of Illinois, and Illinois alone. For purposes of the diversity jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Regarding the defendant, however, the complaint alleges only that "Defendant, Peter Eckrich & Sons, Inc. is a corporation incorporated under the laws of Delaware and does business throughout the United States." This pleading is insufficient to establish diversity jurisdiction because it does not identify Eckrich's principal place of business. If that is Illinois, there is no diversity jurisdiction in this case.

■ The answer admits the jurisdictional allegations concerning Eckrich, but does not indicate where Eckrich's principal place of business is. The district judge should therefore have dismissed the complaint for lack of federal jurisdiction. *Dining Car Employees Local No. 385 v. Chicago, Milwaukee, St. Paul & Pac. R.R.*, 323 F.2d 224, 226–27 (7th Cir.1963). He did not do so, a failure that can be forgiven, but not excused, because of the parties' oversights. Federal courts have an independent obligation to confine themselves to the jurisdiction that has been given them by the Constitution and by Congress, and the jurisdictional defect was apparent on the face of the complaint.

■ Since no one realized there was an issue of jurisdiction, no effort to establish Eckrich's principal place of business was made. If the record showed, as it were inadvertently, where that was and it was not Illinois, we could overlook the deficiency in the pleadings; we would know the district court had jurisdiction. See *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir.1985); *Transport Indemnity Co. v. Home Indemnity Co.*, 535 F.2d 232, 233 n. 1 (3d Cir.1976); cf. *Guerrino v. Ohio Casualty Ins. Co.*, 423 F.2d 419, 421 (3d Cir. 1970). But we have searched the record in vain for any indication of Eckrich's principal place of business. It is true that all the correspondence with Eckrich is with an office in El Paso, Texas. But that is because the transaction out of which the suit arises was with Eckrich's Food Services Division, which happens to be in El Paso. The fact that one division of what appears to be a multi-division corporation is in Texas does not establish that the corporation's principal place of business is not in Illinois.

■ We could order the complaint dismissed but see no need for such a Draconian sanction. Instead we direct the district judge to make and certify to us, within 30 days, his finding on the defendant's principal place of business as of the date the complaint was filed, which is the relevant date for purposes of establishing federal jurisdiction. E.g., *Fidelity & Deposit Co. v. City of Sheboygan Falls*, 713 F.2d 1261, 1266 (7th Cir.1983). We shall then know whether to order the case dismissed or to proceed to decide the merits of the appeal.

■ Although the filing of the notice of appeal normally divests the district court of jurisdiction over a case, the reason for the rule provides guidance to its scope. The reason is to prevent the duplication of effort and the confusion that would be created if two courts simultaneously had jurisdiction over the same case, and is inapplicable when the court of appeals suspends its

consideration of the case to allow the district court to conduct a limited proceeding that may enable the appeal to be terminated. In such a case the court of appeals has the power to direct further proceedings by the district court while retaining jurisdiction of the appeal, even though the result is that both courts have for a short time simultaneous jurisdiction—the court of appeals', however, being nominal. Although we can find no case just like this one where that power was exercised, there are plenty of analogous cases. See, e.g., *Sutter v. Groen*, 687 F.2d 197, 199 (7th Cir.1982); *Gulliver v. Dalsheim*, 739 F.2d 104, 106 (2d Cir.1984); *Marine Petroleum Co. v. Champlin Petroleum Co.*, 657 F.2d 1231, 1245–48 (Temporary Emergency Ct.App. 1980); 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure § 3937, at p. 275 (1977); cf. *West Va. Ass'n of Community Health Centers, Inc. v. Heckler*, 734 F.2d 1570, 1579–80 (D.C.Cir. 1984).

REMANDED WITH INSTRUCTIONS.