POSNER, Circuit Judge,
concurring.
I join Judge Cudahy’s characteristically thorough and cogent opinion for the court, and write separately merely to comment on the district judge’s practice, referred to in a footnote of Judge Cudahy’s opinion, of deciding bankruptcy cases by oral opinion but then writing an opinion if the losing party appeals. I do not know how widespread the practice is; I hope not very.
Granted, the practice has appeal as a time-saver — no mean consideration in an era of heavy judicial caseloads. Why bother to write an opinion if the case is not going to be appealed? The parties are entitled to a statement of the reasons for the judge’s result, and they get it, but it is oral. Only if the case is appealed does the judge take the time necessary to prepare a written opinion.
But the practice raises a number of serious questions, of which the most fundamental is whether it is authorized by law. The filing of the notice of appeal from a final judgment ordinarily divests the district court of jurisdiction over the case and shifts it to the court of appeals; anything the district judge does with the case thereafter, unless and until the case is remanded to him by the court of appeals, is a nullity. See, e.g., Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam); Armstrong v. Board of School Directors, 616 F.2d 305, 327 (7th Cir.1980); Miranda v. Southern Pac. Transportation Co., 710 F.2d 516, 519 (9th Cir.1983); 9 *931 Moore’s Federal Practice ¶ 203.11 (2d ed. 1985); 16 Wright, Miller, Cooper & Gress-man, Federal Practice and Procedure § 3949, at pp. 358-59 (1977). This is a judge-made rule, and naturally there are exceptions to it. The purpose of the rule is to keep the district court and the court of appeals out of each other’s hair, and when simultaneous proceedings would be productive and expediting rather than duplicative and delaying — as where the court of appeals asks the district court to clarify a jurisdictional uncertainty — the rule is not applied. See, e.g., Jason’s Foods, Inc. v. Peter Eckrich & Sons, Inc., 768 F.2d 189, 190-91 (7th Cir.1985); Overnite Transportation Co. v. Chicago Industrial Tire Co., 697 F.2d 789, 792 (7th Cir.1983); Sutter v. Groen, 687 F.2d 197, 199 (7th Cir.1982); Gulliver v. Dalsheim, 739 F.2d 104, 106 (2d Cir.1984); Marine Petroleum Co. v. Champlin Petroleum Co., 657 F.2d 1231, 1245-48 (Temp.Emerg.Ct.App.1980); 16 Wright, Miller, Cooper & Gressman, supra, § 3937, at p. 275, § 3949, at p. 359.
Should the rule have an exception to allow a district judge to issue an opinion after the notice of appeal is filed? There is some support for an affirmative answer, see Silverthorne v. Laird, 460 F.2d 1175, 1178-79 (5th Cir.1972); 9 Moore’s Federal Practice, supra, II 203.11, at p. 3-46 n. 2; but see Philadelphia Marine Trade Ass’n v. International Longshoremen’s Ass’n Local 1291, 365 F.2d 295, 300 (3d Cir.1966), rev’d on other grounds, 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967) (dictum), and yet I believe that, helpful as the practice would be to us in some cases, and economizing as it would be of district judges’ time, it would on balance impede rather than facilitate the appellate process. The losing party cannot make an informed judgment whether to appeal until he has the complete statement of the district judge’s reasons. The practice therefore encourages the filing of protective notices of appeal designed to get the judge to state his reasons fully. It is not a good idea to encourage losing parties to appeal federal district court judgments automatically and wait till later to decide whether to prosecute the appeal. We have enough paperwork as it is.
More important, the processing of appeals will be delayed if the parties to a case, before they can brief the appeal, must wait for the district judge to issue an opinion after the appeal is filed. In this case, it is true, the delay was slight. The judge issued his written opinion 40 days after his oral one. That was only 10 days after the notice of appeal had to be filed. But as there is no deadline for the filing of a post-judgment written opinion, the parties to the appeal may have to ask this court for repeated extensions of time for filing the record and their briefs, while they await the district judge’s written opinion. The appellant has only 10 days after filing the notice of appeal to order the transcript from the court reporter, Fed.R.App.P. 10(b)(1), and only 40 days after the docketing of the appeal in this court — which may come as soon as 14 days after the filing of the notice of appeal, see 7th Cir. Rule 4(a)(1) — in which to file his opening brief. See 7th Cir.Rule 4(b). Often it will take the judge longer than any of these periods to prepare his written opinion. Extensions of time for filing briefs are disfavored. See 7th Cir.Rule 8(a). If an extension is denied and later the district judge issues an opinion, the parties will incur expenses that may turn out to be completely wasted.
It might be argued that if the district judge waits to issue the judgment until he has prepared a written opinion, the total interval between the end of trial and the briefing of the appeal will be as great as it would be if he delayed issuing a written opinion till the notice of appeal was filed— indeed will be greater, if the judge is slowed down by the burden of writing opinions in cases that are not appealed. But it is one thing to make the parties wait for the judgment; it is another thing to render judgment in a form (i.e., with an incomplete statement of grounds) that makes the losing party uncertain how soon he can begin preparing his appeal in earnest, because he does not know all the judge’s reasons for *932 the judgment or when they will be revealed.
Besides throwing off the appellate timetable, the practice of writing opinions only in cases that the judge knows have been appealed converts the opinion-writing process from exploration to rationalization. The judge is defending a decision that he has already reached and announced and that is being challenged in a higher court, rather than formulating a decision. It is true that this court sometimes announces its decision before handing down its opinion. But we reserve the practice for cases that either are emergencies or are frivolous.
The practice of writing an opinion only if and when an appeal is filed may cause resentment among litigants and their lawyers. They may believe, not unreasonably, that if a written opinion is necessary to explain fully the judge’s grounds of decision, they are entitled to such an opinion even if they do not plan to appeal. Maybe it is sentimental to question the rationing of our district judges’ scarce time on the basis of which cases are most important to the development of the law, and no doubt those judges in deciding whether and how much to write consider anyway the probability that the case will be appealed. But I am disturbed by a practice that amounts to telling litigants, “The reasons I give you for my decision are not good enough for the appellate court, so if but only if you appeal I will give you a fuller statement.” It is an admission of the oral opinion’s inadequacy.
Even if, as I suspect, the district judge was not authorized to do what he did here, I quite agree that it does not affect our authority to decide the appeal. He exceeded his jurisdiction, not we ours. If there were some ground or finding in his written opinion, omitted from the oral opinion, that was essential to our decision, we would have to decide whether the written opinion was a nullity because issued after the notice of appeal was filed; but there was not, so we need not. We are, after all, reversing on a point of law, on which the district judge’s opinion would in any event not bind us.
As I do not want to make more work for our district judges, I shall end by suggesting an economical alternative to the district judge’s practice. When a judge decides a case by an oral opinion he should make that opinion tentative, should reserve judgment, and should ask the court reporter to transcribe the opinion. When the judge gets the transcript he should edit it, polish it, add the necessary citations, amplify it if necessary, and then issue it together with the judgment order. Both the delay caused by this procedure and the added work for the judge should be slight, and outweighed by the benefits to the parties and counsel of getting a finished judicial product on which they can base an informed judgment on whether to appeal and how to brief and argue the appeal, and by the fact that the judge will not be open to the accusation that he gives more consideration to litigants whose cases are appealed than to other litigants.