138 F.3d 1105
 157 L.R.R.M. (BNA) 2712
 CATERPILLAR, INC., Petitioner/Intervening Respondent/Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent/Cross-Petitioner,
International Union, United Automobile, Aerospace and
Agricultural Implement Workers of America, Local
786, Intervening Respondent/Petitioner.
 Nos. 96-3193, 96-3791, 96-4079, 96-4080, 97-1197, 97-1669,
97-1670, 97-2645, 97-2646, 97-2648, 97-2649,
97-3064 and 97-3174.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Feb. 10, 1998.
Decided Feb. 12, 1998.
Opinion March 17, 1998.
 
 1
 Columbus R. Gangemi, Jr. (submitted), Gregory J. Malovance, Gerald C. Peterson, Joseph James Torres, Winston & Strawn, Chicago, IL, for Caterpillar, Inc. in No. 96-3193.
 
 
 2
 Columbus R. Gangemi, Jr. (submitted), Gregory J. Malovance, Gerald C. Peterson, Joseph James Torres, Winston & Strawn, Chicago, IL, William G. Miossi, Winston & Strawn, Washington, DC, for Caterpillar, Inc. in Nos. 96-3791, 96-4079, 96-4080 and 97-1197.
 
 
 3
 Columbus R. Gangemi, Jr. (submitted), Gerald C. Peterson, Joseph James Torres, Winston & Strawn, Chicago, IL, Jerry L. Brust, Caterpillar, Incorporated, Peoria, IL, for Caterpillar, Inc. in Nos. 97-1669, 97-1670.
 
 
 4
 Columbus R. Gangemi, Jr. (submitted), Gregory J. Malovance, Gerald C. Peterson, Joseph James Torres, Winston & Strawn, Chicago, IL, William G. Miossi, Winston & Strawn, Washington, DC, Bruce D. Bagley, McNees, Wallace & Nurick, Harrisburg, PA, for Caterpillar, Inc. in No. 97-2645.
 
 
 5
 Columbus R. Gangemi, Jr. (submitted), Gerald C. Peterson, Joseph James Torres, Winston & Strawn, Chicago, IL, Sandra R. Goldman, Holland & Hart, Denver, CO, William G. Miossi, Winston & Strawn, Washington, DC, for Caterpillar, Inc. in No. 97-2646.
 
 
 6
 Columbus R. Gangemi, Jr. (submitted), Gerald C. Peterson, Joseph James Torres, Winston & Strawn, Chicago, IL, William G. Miossi, Winston & Strawn, Washington, DC, Thomas G. Harvel, L. Lee Smith, Westervelt, Johnson, Nicoll & Keller, Peoria, IL, for Caterpillar, Inc. in Nos. 97-2648, 97-3064.
 
 
 7
 Columbus R. Gangemi, Jr. (submitted), Gerald C. Peterson, Joseph James Torres, Winston & Strawn, Chicago, IL, for Caterpillar, Inc. in No. 97-2649.
 
 
 8
 Columbus R. Gangemi, Jr. (submitted), Winston & Strawn, Chicago, IL, Thomas G. Harvel, Westervelt, Johnson, Nicoll & Keller, Peoria, IL, for Caterpillar, Inc. in No. 97-3174.
 
 
 9
 Aileen A. Armstrong, Frederick C. Havard, David I. Goldman, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, Glenn A. Zipp, National Labor Relations Board, Region 33, Peoria, IL, for National Labor Relations Board in No. 96-3193.
 
 
 10
 Elizabeth Kinney, National Labor Relations Board, Region 13, Chicago, IL, Aileen A. Armstrong, Frederick C. Havard, David I. Goldman, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, for National Labor Relations Board in No. 96-3791.
 
 
 11
 Elizabeth Kinney, National Labor Relations Board, Region 13, Chicago, IL, Aileen A. Armstrong, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, for National Labor Relations Board in No. 96-4079.
 
 
 12
 Elizabeth Kinney, National Labor Relations Board, Region 13, Chicago, IL, Aileen A. Armstrong, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, Deborah A. Fisher, National Labor Relations Board, Region 33, Peoria, IL, for National Labor Relations Board in Nos. 96-4080, 97-1197.
 
 
 13
 Richard A. Cohen, National Labor Relations Board, Contempt Litigation Branch, Washington, DC, Aileen A. Armstrong, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, for National Labor Relations Board in No. 97-1669, 97-2649.
 
 
 14
 Richard A. Cohen, National Labor Relations Board, Contempt Litigation Branch, Washington, DC, Aileen A. Armstrong, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, Deborah A. Fisher, National Labor Relations Board, Region 33, Peoria, IL, John J. Toner, National Labor Relations Board, Washington, DC, Nathan W. Albright, National Labor Relations Board, Las Vegas, NV, for National Labor Relations Board in No. 97-1670.
 
 
 15
 Jill A. Griffin (submitted), National Labor Relations Board, Contempt Litigation Branch, Washington, DC, Aileen A. Armstrong, Frederick C. Havard, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, Glenn A. Zipp, National Labor Relations Board, Region 33, Peoria, IL, for National Labor Relations Board in Nos. 97-2645, 97-2646.
 
 
 16
 Steven B. Goldstein (submitted), National Labor Relations Board, Contempt Litigation Branch, Washington, DC, Elizabeth Kinney, National Labor Relations Board, Region 13, Chicago, IL, Aileen A. Armstrong, Fred L. Cornnell, Jr., National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, Glenn A. Zipp, Deborah A. Fisher, National Labor Relations Board, Region 33, Peoria, IL, Nathan W. Albright, National Labor Relations Board, Region 5, Baltimore, MD, for National Labor Relations Board in No. 97-2648.
 
 
 17
 Aileen A. Armstrong, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, Stephen S. Shostrom, Debra L. Stefanik, National Labor Relations Board, Region 33, Peoria, IL, John J. Toner, National Labor Relations Board, Washington, DC, for National Labor Relations Board in No. 97-3064.
 
 
 18
 Aileen A. Armstrong, National Labor Relations Board, Appellate Court, Enforcement Litigation, Washington, DC, Stephen S. Shostrom, Debra L. Stefanik, National Labor Relations Board, Region 33, Peoria, IL, for National Labor Relations Board in No. 97-3174.
 
 
 19
 William W. Thompson, II, Zwerdling, Paul, Leibig, Kahn, Thompson & Wolly, Washington, DC, Leonard R. Page, Michael Nicholson, Nancy Schiffer, International Union, UAW, Detroit, MI, William T. Josem, Cleary & Josem, Philadelphia, PA, for International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local Union 786.
 
 
 20
 William W. Thompson, II, Zwerdling, Paul, Leibig, Kahn, Thompson & Wolly, Washington, DC, Leonard R. Page, Michael Nicholson, Nancy Schiffer, International Union, UAW, Detroit, MI, William T. Josem, Cleary & Josem, Philadelphia, PA, for International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local Union 974, except in Nos. 97-1669, 97-3064 and 97-3174.
 
 
 21
 Stanley Eisenstein, Katz, Friedman, Schur & Eagle, Chicago, IL, William W. Thompson, II (submitted), Zwerdling, Paul, Leibig, Kahn, Thompson & Wolly, Washington, DC, Michael Nicholson, International Union, UAW, Detroit, MI, William T. Josem, Cleary & Josem, Philadelphia, PA, for International Union of United Automobile, Aerospace and Agricultural Implement Workers of America, U.A.W., Local 974 in Nos. 97-1669, 97-3064 and 97-3174.
 
 
 22
 POSNER, Chief Judge (in chambers).
 
 
 23
 On February 12, I granted the joint motion of the parties to remand these thirteen cases to the Board to allow it to consider the parties' motion to vacate the orders on the basis of a settlement that the parties have reached (a "one judge" motion, Fed. R.App. P. 27(c); 7th Cir. Oper. Proc. 1(a)(1)). Included in the joint motion was a request that this court retain jurisdiction over the cases pending action by the Board. I granted this part of the motion, too, but with the notation that an opinion would follow explaining the basis of our power to order a remand limited in this way, that is, a remand that does not return the entire case to the Board. This is that opinion.
 
 
 24
 The power to order such remands (that is, where we retain jurisdiction) to district courts is confirmed by a number of cases in this and other circuits. E.g., Amgen, Inc. v. Kidney Center of Delaware County, Ltd., 95 F.3d 562, 568 (7th Cir.1996); Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc., 768 F.2d 189, 190-91 (7th Cir.1985); United States v. Van, 87 F.3d 1, 4 (1st Cir.1996) (per curiam); Gulliver v. Dalsheim, 739 F.2d 104, 106 (2d Cir.1984); Palmer v. Clarke, 961 F.2d 771, 775-76 (8th Cir.1992); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3937.1 (2d ed.1988). It rests, as we explained in Jason's Foods, on considerations of convenience. For example, if the remand is for a narrowly limited purpose that does not require the district court to consult the record lodged in the court of appeals by the parties to the appeal and that is unlikely to change the posture of the case in the court of appeals significantly--as when the case is remanded for the purpose of enabling the district court to decide whether to enter a Rule 54(b) order to enable us to exercise appellate jurisdiction, Sutter v. Groen, 687 F.2d 197, 199 (7th Cir.1982)--no purpose would be served by remanding the entire case, shipping the record back to the district court, and requiring the appellant to file a new notice of appeal when that court has completed whatever task was set for it by the order of remand. Even when the record has not been transmitted to the court of appeals (in this circuit, for example, only records from the Northern District of Illinois, which is housed in the same building as this court, are transmitted before the appeal is fully briefed, 7th Cir. R. 11(a)), or when the ruling for which the case is being remanded does not require consulting the record, a limited remand with retention of jurisdiction in this court is useful to avoid unnecessary delays.
 
 
 25
 The same considerations support the recognition of a similar power with respect to cases before us on a petition to review an agency's order, as distinct from an ordinary appeal. Cf. Brown v. Secretary of Health & Human Services, 747 F.2d 878, 885 n. 7 (3d Cir.1984). But it is necessary to consider whether the particular statute governing our jurisdiction over petitions to review orders of a particular agency allows for such a power. In the case of petitions to review orders of the Labor Board (and also cross-petitions to enforce), the statute is section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e) (see section 10(f) as well, 29 U.S.C. § 160(f)), and it does not address the issue. It provides that upon the filing of the record in the court of appeals, the court's "jurisdiction ... shall be exclusive," 29 U.S.C. § 160(e), but that is no different from ordinary appeals; it is the standard allocation of power between original and reviewing tribunal designed to prevent the two tribunals from stepping on each other's toes. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 59-60, 103 S.Ct. 400, 402-03, 74 L.Ed.2d 225 (1982) (per curiam); Kusay v. United States, 62 F.3d 192, 193-95 (7th Cir.1995); Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc., supra, 768 F.2d at 191. Section 10(e) also expressly authorizes the court, upon motion of a party, to order that additional evidence be taken before the Board and made a part of the record before the court. But we do not read this, either, as a prohibition against limited remands in other situations.
 
 
 26
 Although the issue has arisen rarely, several courts of appeals, including the Seventh Circuit, have either held or assumed (though in either case without discussion) that the court does have the power--not limited to the taking of new evidence--to order a limited remand to the Board that is, while retaining jurisdiction over the case. New Alaska Development Corp. v. NLRB, 441 F.2d 491, 494-95 (7th Cir.1971); NLRB v. Auciello Iron Works, Inc., 980 F.2d 804, 813 n. 4 (1st Cir.1992); NLRB v. New York University Medical Center, 702 F.2d 284, 299 (2d Cir.), vacated on other grounds, 464 U.S. 805, 104 S.Ct. 53, 78 L.Ed.2d 73 (1983); NLRB v. Wilder Mfg. Co., 454 F.2d 995, 998 (D.C.Cir.1971) (per curiam). There are similar decisions under statutes prescribing judicial jurisdiction to review the orders of other federal agencies. See, e.g., American Gas Ass'n v. FERC, 888 F.2d 136, 142 (D.C.Cir.1989); Sierra Club v. Gorsuch, 715 F.2d 653, 661 (D.C.Cir.1983); Sharron Motor Lines, Inc. v. ICC, 633 F.2d 1115, 1118-19 (5th Cir.1981); Consolidated Nine, Inc. v. F.C.C., 403 F.2d 585, 595 (D.C.Cir.1968). I have found no contrary decisions.
 
 
 27
 In the present case, or rather cases, the parties have hammered out a settlement agreement which if approved by the Board will obviate further proceedings in this court. The parties hope the Board will approve the settlement, but of course they cannot be certain, and they do not want the inconvenience of having to refile these thirteen petitions, cross-petitions, and applications in the event that the cases are not settled and the proceedings in this court resume. So they want us to retain jurisdiction. Their position seems eminently reasonable, I cannot see any objection to proceeding as they wish, and I believe that the court has the power to do so.