April L. (Mussard) SUDVARY, Appellant–Respondent,

v.

David E. MUSSARD, Appellee–Petitioner.

No. 50A03–0310–CV–392.

Court of Appeals of Indiana.

March 15, 2004.

David W. Stone, Stone Law Office, Anderson, IN, Joanne M. Kolbe, Warsaw, IN, Attorney for Appellant.

Tom A. Black, June E. Bules, Plymouth, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

April (Mussard) Sudvary ("Mother") appeals from the trial court's order which (1) granted David Mussard's ("Father") mo-

tion to modify custody of the parties' only child, and (2) reaffirmed that the court had jurisdiction over the case.[1] Mother presents a single issue for review, namely, whether the trial court had jurisdiction to modify its 2000 custody order under the Uniform Child Custody Jurisdiction Law ("UCCJL"), Indiana Code Section 31–17–3–1 et seq.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Mother and Father were married on April 18, 1998 in Ryland, Ohio, and had one child during their marriage. On March 1, 1999, Father filed a Petition for Dissolution of Marriage in the Marshall Circuit Court. Although the parties had lived in Indiana for at least six months, Mother and the child moved to Ohio just before Father filed his petition.[2] The trial court issued its Decree of Dissolution in May 2000 and ordered in relevant part that the parties share joint legal custody of the child, with Mother having physical custody and Father having visitation.

On June 24, 2002, Father filed a motion for modification of physical custody. On July 19, 2002, the parties appeared for a pre-trial conference during which they agreed that a custody evaluation be performed. The court provided the names of three custody evaluators, and each party struck one evaluator. In late July 2002, Jill Uceny was selected as the evaluator, and the court ordered her to perform the evaluation. In late September 2002, Father moved from Indiana to Illinois be-

---

1. Prior to the court's final order regarding custody modification, Mother filed a motion asking the court to determine whether it had jurisdiction. The court determined that it had jurisdiction, and Mother moved to certify that issue for interlocutory appeal. But the trial court denied Mother's motion and subse-

quently reaffirmed its continuing jurisdiction in its final order.

2. Mother and the child have lived in Ohio since that time. The parties agree that the trial court had jurisdiction over the initial dissolution and custody proceedings.

cause of a job transfer. Mother was aware of Father's move by no later than December 2002 because Father exercised Christmas visitation with the child at that time.

On February 20, 2003, Uceny submitted her Evaluation Report to the court and recommended that Father have physical custody of the child. On February 24, 2003, the court granted Father's motion to continue the modification hearing. On March 6, 2003, Mother's counsel withdrew his appearance, and the following day, Joanne Kolb entered her appearance as Mother's counsel. Also on March 7, 2003, Mother filed her Motion to Determine Jurisdiction in which she argued that the trial court lacked jurisdiction under the UCCJL because neither parent lived in Indiana. Following a hearing, the trial court determined that it had jurisdiction over Father's petition "[b]ased upon the procedural history of [the] case ... and as reflected in the chronological case summary." Appellant's App. at 63. The court then denied Mother's request to certify that issue for interlocutory appeal. Following a hearing on Father's petition to modify custody, the court granted Father's petition, ordered that Father have physical custody of the child, and reaffirmed its prior ruling regarding jurisdiction. This appeal ensued.

## DISCUSSION AND DECISION

■ Mother asserts that the trial court erred when it determined that it had jurisdiction over Father's petition. Specifically, she contends that when Father moved from Indiana to Illinois, the court lost jurisdiction under the UCCJL. Father responds, in part, that the court properly determined that it had jurisdiction because: (1) it is undisputed that the court had jurisdiction when Father filed his petition for modification, and (2) once the petition was filed, the trial court could not thereafter be divested of jurisdiction while the petition was pending under the UCCJL. Father's argument raises an issue of first impression, namely, whether a trial court which has jurisdiction under the UCCJL at the time a petition to modify is filed can subsequently lose jurisdiction while that petition is pending because of a change in the parties' circumstances. We hold that jurisdiction under the UCCJL is established on the date that a party files a petition to modify and that a court may not lose jurisdiction while such a matter is pending.

■ Both parties acknowledge that an Indiana court's jurisdiction to decide custody matters having interstate dimensions is governed by the UCCJL, Indiana Code Section 31–17–3–1 et seq. Under the UCCJL, the trial court must first determine whether it has jurisdiction and, if it does, whether to exercise that jurisdiction. Pryor v. Pryor, 709 N.E.2d 374, 376 (Ind. Ct.App.1999). In determining whether a trial court has improperly exercised jurisdiction under the UCCJL, we apply an abuse of discretion standard. Id. An abuse of discretion will occur when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. Id.

The UCCJL provides in relevant part:

Jurisdiction. (a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal

or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;

(2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one (1) contestant,[3] have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

(3) the child is physically present in this state and the child has been abandoned; or

(4) (A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.

(b) Except under paragraphs (3) and (4) of subsection (a) physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

Ind.Code § 31–17–3–3. In addition, Indiana Code Section 31–17–3–14 addresses modification of custody decrees and provides in relevant part:

(a) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction.

(b) If a court of this state is authorized under section 8(a) of this chapter to modify a custody decree of another state it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with section 22 of this chapter.

Neither Indiana Code Sections 31–17–3–3 nor –14 expressly addresses the date on which jurisdiction is to be determined. Nor do those statutes address whether a trial court may lose jurisdiction while a petition to modify is pending. However, our review of the Uniform Child Custody Jurisdiction Act and cases from other states that, like Indiana, have adopted that Act, support our conclusion that jurisdiction under the UCCJL is determined on the date that a petition to modify is filed and that a court cannot lose jurisdiction while a petition is pending.

First, the Commissioner's Comment to the Uniform Child Custody Jurisdiction Act, Section 14 (which applies equally to our adopted version of that section regarding modification, Indiana Code Section 31–17–3–14), provides in part:

Courts which render a custody decree normally retain continuing jurisdiction to modify the decree under local law. Courts in other states have in the past often assumed jurisdiction to modify the

---

**3.** "Contestant" means a person, including a parent, who claims a right to custody or visitation rights with respect to a child. Ind. Code § 31–17–3–2(1).

out-of-state decree themselves without regard to the preexisting jurisdiction of the other state. In order to achieve greater stability of custody arrangements and avoid forum shopping, subsection (a) declares that other states will defer to the continuing jurisdiction of the court of another state as long as that state has jurisdiction under the standards of this Act. *In other words, all petitions for modification are to be addressed to the prior state if that state has sufficient contact with the case to satisfy section 3.*

\* \* \*

The prior court has jurisdiction to modify under this section even though its original assumption of jurisdiction did not meet the standards of this Act, as long as it would have jurisdiction *now,* that is, *at the time of the petition for modification.*

(Emphases original and added). Thus, the Comment to the Uniform Act indicates that for purposes of determining whether the trial court that issued the original custody decree has continuing jurisdiction over a subsequent petition to modify, the date the petition to modify is filed controls.

Cases from other states that have adopted the Uniform Act have determined that the date the petition to modify is filed is dispositive of jurisdiction. *See Favacchia v. Favacchia,* 769 A.2d 531, 538–539 (Pa.Super.Ct.2001) (stating "[j]urisdiction under the UCCJA is determined at the time of the 'commencement of the proceed-

ing,'" and holding that date petition to modify was filed was commencement of modification proceeding); *see also Counts v. Bracken,* 494 So.2d 1275, 1278 (La.Ct. App.1986) (stating "[t]he UCCJA requires ... that the court which rendered the prior custody decree must meet the jurisdictional requirements of the UCCJA when the modification is sought.").[4]

Further, in a similar case, the Appellate Court of Illinois determined that where the trial court had jurisdiction at the time a petition to modify was filed under the Illinois equivalent to Indiana Code Section 31–17–3–3, the court could not be divested of jurisdiction "in the midst of a custody modification proceeding based on a change in circumstances occurring after the proceeding had commenced but prior to final determination." *Kelly v. Warner,* 119 Ill. App.3d 217, 77 Ill.Dec. 273, 460 N.E.2d 329, 330 (1983). In *Kelly,* when the petition to modify was filed, Father lived in Illinois and Mother lived in Indiana. *Id.* at 329. While that petition was pending, Father also moved to Indiana. *Id.* Mother then moved to have jurisdiction transferred to Indiana, and the trial court granted the motion on the basis that it no longer had jurisdiction under the Illinois version of the Uniform Act. *Id.* On appeal, the Appellate Court disagreed as follows: "Recognizing that the UCCJA now limits continuing jurisdiction, we nonetheless find that ... mere movement of the parties cannot serve to divest a court of its jurisdiction once acquired during modification

---

4. The rule that jurisdiction under the UCCJL is determined on the date a petition to modify is filed is not unlike diversity jurisdiction in federal court, where the date that a complaint is filed is the relevant date for purposes of establishing federal diversity jurisdiction. *See Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.,* 768 F.2d 189, 190 (7th Cir.1985). That rule is also consistent with the Parental Kidnapping Prevention Act of 1980, 28 U.S.C.

§ 1738A ("PKPA"). *See Lee v. Lee,* 445 So.2d 287, 290 (Ala.Civ.App.1983) (explaining where Alabama court had to determine whether to enforce Texas judgment, Alabama court must first decide whether Texas court had jurisdiction under PKPA, and under PKPA, "critical date in ascertaining compliance with the federal act ... is the *date of the filing of the custody proceedings* in the Texas court. ...") (emphasis added).

proceedings which are underway but not concluded." *Id.* at 330. The court stated further that the trial court "retained authority to make a final determination in [the] matter and it was error for the court to decline jurisdiction in the middle of unfinished business." *Id.*

Here, it is undisputed that the trial court had jurisdiction under Indiana Code Section 31–17–3–3 at the time Father filed his petition to modify custody because Father still lived in Indiana on that date. We hold that the date Father filed his petition to modify is dispositive in determining jurisdiction under the UCCJL. And, as in *Kelly,* we conclude that Father's move to Illinois while the modification proceedings were pending does not divest the Indiana trial court of jurisdiction. Thus, the trial court properly determined that it had jurisdiction.

Affirmed.

BAKER, J., and MAY, J., concur.