This is an interstate child custody case.
Both parties lived in Alabama during their younger years but Timothy Mark Lee (Mark) has resided in Texas since 1977, where he was, and is, a carpenter in his father's employ. Mark, when nineteen years of age, and Alice Alisha Lee (Lisa), then aged eighteen, were married in Alabama on June 12, 1980 and on the following day moved to Texas where they lived together until their separation about sixteen months later. A daughter was born to them in Texas on April 4, 1981. Because of Mark's cruel treatment of her, Lisa returned to Alabama on October 8, 1981, bringing the daughter of the parties with her. Both mother and child have resided in Alabama since that time. On October 14, 1981, Mark, having returned to Alabama for that express purpose, attempted by violence to take his child with him back to Texas, but a Talladega County deputy sheriff stopped him, returned the child to Lisa and advised her to seek protective relief from the juvenile court.
On October 14, 1981, Mark's attorney filed in a Texas district court an original petition for a divorce and for child custody. It was personally served upon Lisa in Alabama on October 26, 1981.
On October 15, 1981, without knowledge of the Texas proceedings, Lisa filed a petition in the Juvenile Court of Talladega County (the juvenile court) seeking custody of the child and, on the same date, an ex parte order was entered by the juvenile court which granted temporary child custody to Lisa and which set the matter for a hearing on October 22, 1981. Mark received notice by mail on October 22, 1981 of such hearing, which, on that date, had *Page 289 
already been continued with the October 15 judgment to remain in effect pending a full hearing upon the petition.
When Lisa was served with the Texas court papers, she consulted with an Alabama attorney, and she promptly employed a Texas lawyer, who filed on her behalf in the Texas court an answer which, generally, denied the averments of the petition. Because Lisa was not financially able to pay a $5,000 attorney's fee, her Texas counsel was permitted by the Texas court to withdraw his legal representation of her in the case in January, 1982. Thereafter, Lisa received notices by mail of scheduled hearings and trials in the Texas case.
Both the Texas court and the juvenile court were informed of the child custody litigation which was pending in the other state.
In February, 1982, the Texas court granted the child's temporary custody to Mark, which judgment Lisa swore that she did not see. She received notices through the postal service in June and July, 1982, informing her as to a final hearing in the Texas proceedings to be held, and which was held, on August 9, 1982. She did not attend that trial and the Texas court by its August 23, 1982 judgment divorced the parties and awarded custody of the child to Mark.
In October, 1982, Mark filed the present proceedings in the Circuit Court of Talladega County (circuit court) to enforce the Texas custody judgment. Lisa contested that case.
Just before an evidentiary trial, the circuit court specified the following issues to be heard: first, whether the Texas court had jurisdiction to render its judgment of August 23, 1982 and, second, whether the circuit court had jurisdiction to consider Lisa's petition to modify the Texas custody judgment. Such is the correct procedure to be followed in this type of litigation. Wyatt v. Falhsing, 396 So.2d 1069 (Ala.Civ.App. 1981). After that trial, the learned circuit court entered the following order:
 "This Court having considered testimony and exhibits offered by Plaintiff and Defendant finds that the Circuit Court for Talladega County, Alabama has jurisdiction to hear Defendant's Petition to Modify Custody under the Uniform Child Custody Jurisdiction Act.
 "IT IS THEREFORE ORDERED that all other proceedings relative to the custody of the child herein shall be stayed pending hearing."
Such judgment was, by necessary implication, a determination by the circuit court that the Texas court was without jurisdiction to render its judgment in this case and that the Texas judgment was not entitled to be enforced. Mark seeks a writ of mandamus.
The Parental Kidnapping Prevention Act of 1980 (the federal act or PKPA), which is codified in section 1738A of title 28 of the United States Code, provides that, if the Texas court's child custody determination was entered consistently with the provisions of the federal act, it must be enforced according to its terms, without modification. Therefore, we are required to search that federal statute to ascertain whether the Texas custody judgment complied therewith.
Here, the mother was given reasonable notice and opportunity to be heard in the Texas proceedings. The notices consisted of personal service of the summons and complaint upon her and the receipt by her of mailed notices of the final hearing, as well as receiving notification of intervening matters. Therefore, there was full compliance with subsection (e) of the federal act, which, in substance, requires that procedural due process be accorded.
The child was born in Texas and, thereafter, resided in Texas with both parents for six months and four days before being removed from that state to Alabama by her mother on October 8, 1981. The proceedings were commenced in Texas only six days later and the father continued, and continues, to live in that state. Accordingly, the child custody determination of the Texas court was made pursuant to subsection (c)(2)(A) of the federal act. *Page 290 
The juvenile court did not have jurisdiction under the significant connection section, (c)(2)(B), of the act of congress, for the applicability of those provisions are made expressly contingent upon Texas not having had jurisdiction under section (c)(2)(A) and the Texas court had such jurisdiction thereunder. In this respect, the federal act differs from the Uniform Child Custody Jurisdiction Act. The difference must be determined in favor of the federal version, for it prevails in the event of a conflict between the federal and state statutes. Flannery v. Stephenson, 416 So.2d 1034
(Ala.Civ.App. 1982).
The proceedings in the juvenile court are no bar to the enforcement of the Texas judgment since the Texas court case was the first case to be commenced. The federal act provides as follows:
 "(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination."
Title 28, § 1738A (g), United States Code. The critical date in ascertaining compliance with the federal act in that regard is the date of the filing of the custody proceedings in the Texas court, October 14, 1981, not the date of the rendition of the final judgment by that court in February, 1982. Pitts v.Sutter, 408 So.2d 105 (Ala.Civ.App. 1981), cert. denied,408 So.2d 114 (Ala. 1982). Hence, jurisdiction in Alabama could not attach under the emergency judgment, or any other provision of the federal act so as to oust the Texas court of jurisdiction or so as to give preference jurisdiction to the juvenile court. In order to protect the best interest and welfare of a child, a court may, and indeed should when required, make emergency orders as to the custody of children within its geographical borders; however, such an order would not be a bar to the enforcement of a judgment of a sister state which is granted priority by the federal act.
The Texas court executed and employed jurisdiction in a consistent manner with the federal act and the juvenile court could not exercise jurisdiction in the custody matter to the exclusion of the Texas court since the Texas proceedings were first pending. The federal act is very rigid, permits the exercise of little or no judicial discretion and seeks to give more certainty to the assumption of jurisdiction by courts in interstate child custody conflicts. Instances of concurrent jurisdiction by courts in two different states as is authorized by the UCCJA are eliminated to a great extent by the PKPA. Here, the circuit court had no alternative but to enforce the Texas judgment according to its terms and without modification. Such a determination is inescapable under the federal act.
Under the mandamus test as reiterated in Evans v. InsuranceCo. of North America, 349 So.2d 1099 (Ala. 1977), a writ of mandamus shall issue to the learned circuit court unless that court, within fourteen days from this date, enters a judgment enforcing, without modification, the custody provisions of the Texas judgment rendered and entered in case number 35,227 by the District Court of Montgomery County, Texas, in the matter of the marriage of Timothy Mark Lee and Alice Alisha Lee on the 23rd day of August, 1982.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the majority of the court.
WRIT CONDITIONALLY GRANTED.
WRIGHT, P.J., and BRADLEY, J., concur.
HOLMES, J., dissents.