This is a child custody case which is governed by the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A (1982).
The parties to this proceeding were divorced in Texas on August 9, 1982. Under the decree of divorce, the wife was awarded custody of the parties' five year old *Page 1294 
daughter, Jackie, and the husband was ordered to pay child support of $140 per month.
On May 27, 1983 husband filed a petition in the Circuit Court of Tuscaloosa County to modify the Texas decree and to award permanent custody of the child to his mother, Onita Patrick. Wife filed an answer and counterclaim setting forth several defenses, including the Parental Kidnapping Prevention Act (PKPA), and the Alabama Uniform Child Custody Jurisdiction Act (UCCJA), § 30-3-20 et seq., Code 1975.
After an ore tenus hearing, the circuit court entered an order on August 25, 1983 modifying the Texas custody decree and granting custody to Mrs. Patrick, the paternal grandmother.
The mother appeals to this court, arguing that the Alabama court had no authority to modify the Texas order which granted her custody, and that Alabama is bound by law to enforce the Texas decree. We agree and reverse.
The PKPA and the UCCJA govern interstate child custody disputes. In case of conflicts between the two statutes, the PKPA shall prevail. Ex parte Lee, 445 So.2d 287 (Ala.Civ.App. 1983); Flannery v. Stephenson, 416 So.2d 1034 (Ala.Civ.App. 1982).
Under the PKPA if a Texas court's child custody determination was entered in accordance with the act, then an Alabama court is required to enforce that decree according to its terms and generally cannot modify such order, 28 U.S.C. § 1738A (a) (1982), and Texas retains continuing jurisdiction over the dispute and the exclusive right to issue modifications as long as the child or one of the parties remains a resident of Texas.28 U.S.C. § 1738A (d) (1982); Moore v. Perez, 428 So.2d 113
(Ala.Civ.App. 1983). If, however, Texas loses jurisdiction or has declined to exercise jurisdiction in the case, and Alabama has jurisdiction to make a custody determination, then an Alabama court can modify the Texas decree. 28 U.S.C. § 1738A (f) (1982); Mitchell v. Mitchell, 437 So.2d 122 (Ala.Civ.App. 1982).
The evidence shows that the child was born in Tyler, Texas in 1977. The parties were living in Texas at this time and continued to live in Texas, except for short periods when they lived out of the state, until the spring of 1982. Apparently at this time the parties separated and the mother filed for a divorce in Texas. In the latter part of April or early part of May 1982, the husband agreed to sign the divorce papers if the mother would let him have the child for a week. The mother agreed and he signed an instrument that in Alabama would be the equivalent of a waiver and answer. The child was taken eventually to Alabama. The divorce was rendered by the Texas court on August 9, 1982 giving the mother custody of the child and requiring the father to pay child support.
The mother obtained possession of the child in September 1982 and returned with the child to Texas. In January 1983 the mother asked the Patricks to care for the child for a period of time not to exceed six months due to her dire financial condition.
Prior to the expiration of the six month period, the mother attempted to obtain the child from the grandparents but was unsuccessful. Shortly after this time the grandmother sought and was awarded temporary custody of the child by the juvenile court of Tuscaloosa County, Alabama. Thereafter the father filed a petition in the Circuit Court of Tuscaloosa County asking that the Texas decree be modified to give permanent custody of the child to the grandmother, Mrs. Patrick. After a hearing the circuit court found that Texas did not have jurisdiction of the matter and that Alabama was "clearly the State of jurisdiction," and awarded permanent custody of the child to the grandmother.
Based on the evidence contained in the record, it appears that Texas had jurisdiction to divorce the parties and award custody of the child to the mother. The parties and the child were residing in Texas at the time the divorce proceedings were *Page 1295 
initiated and had been so residing for several years. The Texas action was commenced about a year before the proceedings were filed in Alabama. The father had notice of the Texas proceedings and specially waived further participation in those proceedings while in Texas.
We find that the Texas proceedings were conducted in conformity with the PKPA and that Texas had jurisdiction to award custody of the child. Thus, the Texas custody decree was entitled to full faith and credit and should have been enforced according to its terms. See § 1738A (a), 28 U.S.C. (1982). Furthermore, the Texas court continued to have jurisdiction over the matter. The mother has always been and is a resident of Texas. In addition, there is no evidence that a proper court of that state has declined to exercise modification jurisdiction. Therefore, the Alabama court had no authority under the federal act to modify the Texas judgment. SeeMitchell v. Mitchell, supra.
For the foregoing reasons the judgment of the trial court is reversed and this cause is remanded to that court for the prompt rendition of a judgment enforcing the Texas decree according to its terms and without modification.
The mother is awarded an attorney's fee on appeal of $500.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.