This appeal involves an interstate child custody case requiring application of the Parental Kidnapping Prevention Act of 1980 (28 U.S.C.A. § 1738A (West.Supp. 1986)) (PKPA).
The mother and father were married and divorced in the State of Indiana. The original Indiana divorce decree awarded custody of the minor child to the mother. The father remains in Indiana, and the mother and child now reside in Alabama.
In May 1985, the father filed a petition for contempt and for modification in Indiana. The mother's attorney entered an appearance for her and, subsequently, the mother filed a petition for contempt or modification in Indiana. In April 1986, the Indiana court ordered that temporary custody of the minor child was to be transferred to the father. Thereafter, in May 1986, the mother filed a rule nisi and petition for modification in Alabama.
In July 1986, the father filed for enforcement of the order of custody in the Indiana courts and so notified the Alabama court of the Indiana proceedings. In October 1986, the father filed a motion to dismiss in Alabama. This motion was denied, and in May 1987, a default judgment was rendered against the father for failure to appear at a deposition. The Alabama court then awarded custody of the child to the mother, terminated all visitation privileges of the father, and awarded the mother past and present child support.
The father now appeals to this court, arguing that the Alabama court had no authority to modify the Indiana decree and that Alabama is bound by law to enforce the Indiana decree. We agree.
The PKPA and the Alabama Uniform Child Custody Jurisdiction Act (UCCJA), Ala. Code 1975, §§ 30-3-20, et seq., govern interstate child custody disputes, and in case of conflicts between the two statutes, the PKPA shall prevail. Applegate v.Gant, 460 So.2d 1293 (Ala.Civ.App. 1984).
The PKPA provides in pertinent part:
 "(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.
". . . .
 "(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
 "(1) it has jurisdiction to make such a child custody determination; and
 "(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination."
Therefore, under the PKPA, if an Indiana court's child custody determination was entered in accordance with the act, then an Alabama court is required to enforce that decree according to its terms. Further, Indiana retains continuing jurisdiction over the dispute and the exclusive right to issue modifications as long as the child or one of the parties remains a resident of Indiana. 28 U.S.C. § 1738A(d) (1982);Applegate v. Gant, supra. If, however, Indiana loses jurisdiction or has declined to exercise jurisdiction in the case, and Alabama has jurisdiction to make a custody determination, then an Alabama court can modify the Indiana decree. 28 U.S.C. § 1738A(f) (1982); Mitchell v. Mitchell,437 So.2d 122 (Ala.Civ.App. 1982).
Based on the evidence contained in the record, it appears that Indiana had jurisdiction to divorce the parties and award custody of the child to the mother. *Page 1326 
Likewise, Indiana had the right to modify the decree and award temporary custody to the father. Thus, the Indiana decree was entitled to full faith and credit and should have been enforced according to its terms. Applegate, supra. Furthermore, the Indiana court continued to have jurisdiction over the matter. The father is still a resident of Indiana, and there is no evidence that a proper court of Indiana has declined to exercise modification jurisdiction. In fact, the Indiana court, just prior to the mother's filing her petition in Alabama, modified the original custody decree. Therefore, the Alabama court had no authority to modify the Indiana judgment. SeeMitchell, supra.
The mother contends, however, that the PKPA does not prevent Alabama from exercising jurisdiction, as the child was subject to abuse in Indiana. However, we have held in Mitchell, supra, that the PKPA does not recognize an emergency as granting modification authority; rather, it expressly states that a sister state's judgment can only be modified as is provided in § 1738A(f), supra. Mitchell, however, goes on to say that neither the best interest rule nor the emergency rules as to custody were abolished by the PKPA. Congress, however, established the proper forum for the determination of such issues in modification proceedings. In this instance, the federal act (PKPA) dictates that a judicial decision as to those issues remains with the Indiana court rather than being assumed by the Alabama court.
We would note that this custody dispute has been in the courts, both in Indiana and in Alabama, for over two years. The mother herself, prior to filing in Alabama, filed for modification in Indiana. It was only after she did not receive her requested relief in Indiana that she filed in Alabama. Therefore, in view of the above, if the mother felt that there was an emergency situation, the proper forum for this evidence would be in Indiana.
The father also contends that he should have been awarded attorney's fees and costs in this case. We would note that, pursuant to the UCCJA, an attorney's fee may be provided under appropriate circumstances. The statute provides that if it appears to the trial court that it is "clearly an inappropriate forum," it may require the party who commenced the proceedings to pay costs and fees incurred by the other party. Ala. Code 1975, § 30-3-27(g). Clearly, the mother filed the modification proceedings in the wrong court, as the appropriate forum in this instance is Indiana.
For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded to that court for the prompt rendition of a judgment enforcing the Indiana judgment according to its terms and without modification. Further, the court is directed to determine the appropriateness of the husband's request for attorney's fees and costs pursuant to the UCCJA.
This case is due to be reversed and remanded with directions.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.