This is a petition for a writ of mandamus involving an interstate child custody case.
In December 1988 the father filed a petition in the Family Court of Jefferson County, Alabama, seeking custody of his minor child. The mother then filed a motion to dismiss the petition, contending that Alabama did not have jurisdiction to modify a previous Louisiana custody order. After a hearing on the motion, the trial court denied the mother's motion to dismiss. The mother now petitions this court, contending that there is a Louisiana custody order and that the Alabama courts have a duty to decline jurisdiction and to enforce the Louisiana decree, pursuant to the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A (West Supp. 1989) (PKPA). She also requests expenses and attorney fees incurred in the case.
The father argues, in the main, that Alabama does not have to decline jurisdiction to Louisiana in that the Louisiana proceedings were not in compliance with the PKPA or Louisiana's Uniform Child Custody Jurisdiction Act (UCCJA), La.Rev.Stat.Ann. §§ 13:1703-13:1704 (West 1983). We agree.
The facts reveal that the mother petitioned the Louisiana courts for custody of the minor child in December 1988, prior to the husband's petition in Alabama. The Louisiana court then held an ex parte hearing and awarded the custody of the child to the mother. It is undisputed, however, that the mother never served the father any notice of her petition for custody. The father had no notice, nor was he present at the hearing in Louisiana. In fact, it appears that the father only became aware of any proceedings in Louisiana after he petitioned the Alabama courts for custody, at which time the mother presented the Alabama court copies of the Louisiana ex parte order.
It is well settled that the PKPA governs interstate child custody disputes. Via v. Johnston, 521 So.2d 1324
(Ala.Civ.App. 1987). Alabama must enforce and shall not modify another state's custody determination if it is made consistently with the provision of the PKPA. Via, 521 So.2d 1324. Furthermore, Alabama shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another state if such other state is exercising jurisdiction consistently with the provision of the PKPA. Ex parte Lee, 445 So.2d 287 (Ala.Civ.App. 1983).
The PKPA is very clear as it concerns notice. Section 1738A(e) states: "Before a child custody determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child." Additionally, Louisiana has found that its own UCCJA requires that "notice must be given, or, at the very least, a good faith attempt made to notify those parties who assert custody rights." Martinez v. Reed, 490 So.2d 303, 307
(La.App. 4 Cir. 1986).
Here, clearly, the Louisiana order was entered without any notice to the father, or without his having a reasonable opportunity to be heard. Therefore, we find that the Louisiana ex parte order was not made consistently with the PKPA and is not entitled to full faith and credit by the courts of Alabama.
Likewise, it is clear that, while the mother attempted to commence a custody proceeding in Louisiana, she failed to comply not only with the PKPA but also with Louisiana's own laws concerning notice. Therefore, since the Louisiana proceeding was not instituted consistently with the PKPA, Alabama is not required to decline jurisdiction to Louisiana.
In view of the above, the mother's writ of mandamus is due to be denied.
WRIT DENIED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 105