This appeal involves an interstate child custody case.
Father and mother were divorced by order of a Florida court. Pursuant to the order, the mother was awarded custody of the parties' three minor children, and the father was awarded visitation.
Problems began when the mother made allegations in Florida of child abuse by the father. These accusations were investigated in Florida and determined to be unfounded.
The mother, however, denied the father visitation, refused to abide by Florida court orders requiring her to grant the father his visitation rights, and moved the children to Alabama.
In June 1988, the mother filed a dependency petition in Alabama in which she also alleged child abuse and requested a modification of the Florida judgment with regard to visitation. On the same day she filed the dependency petition, the mother also filed a motion requesting that Florida relinquish jurisdiction; however, the Florida court declined.
The law in Alabama is clear:
"The PKPA and the Uniform Child Custody Jurisdiction Act (UCCJA), codified at § 30-3-20 et seq., Ala. Code (1975), govern interstate child custody disputes. In case of conflicts between the two statutes, the PKPA governs because it is the federal statute. See Flannery v. Stephenson, 416 So.2d 1034, 1038
(Ala.Civ.App. 1982).
"Alabama courts are required under the PKPA to enforce according to its terms a sister state's custody determination rendered in accordance with the PKPA, an Alabama court has noauthority to modify such order unless the sister state losesjurisdiction or declines to exercise such. See Mitchell v.Mitchell, 437 So.2d 122 (Ala.Civ.App. 1982)." (Emphasis added.) Wheeler v. Buck, 452 So.2d 864, 866
(Ala.Civ.App. 1984).
On April 6, 1989, the Alabama court found the three children to be dependent, awarded custody to the mother, and suspended the father's visitation.
On July 13, 1989, the Florida court granted the husband's motion to modify custody, awarded custody to the father, reserved jurisdiction for the purpose of granting the mother visitation, and ordered that the sheriff of Jefferson County take custody of the children and deliver them to their father. *Page 312 
It is pursuant to this last order from Florida that the father entered the Alabama court and sought to have the children removed to Florida. The Alabama court, however, ordered that the children remain with their mother in Alabama. The father appeals.
Here, Florida issued the original custody determination. Likewise, Florida has declined to relinquish jurisdiction. The father still lives in Florida.
 "[U]nder the PKPA, as long as one of the contestants remains a resident of the state issuing the original child custody determination, that state retains continuing jurisdiction over the dispute and the exclusive right to issue modifications. 28 U.S.C. § 1738A(d). Cf. Bloodgood v. Whigham, 408 So.2d 122 (Ala.Civ.App. 1981) (UCCJA)."
Wheeler, 452 So.2d at 866.
In view of Wheeler and the PKPA, Alabama did not have jurisdiction to issue the first custody modification. Florida maintains that exclusive right. We note that the mother maintains that Alabama, was not prevented from exercising jurisdiction, alleging that the children were subject to abuse by their father in Florida and that an "emergency" existed.
This court has previously held:
 "[T]he PKPA does not recognize an emergency as granting modification authority; rather, it expressly states that a sister state's judgment can only be modified as is provided in § 1738A(f), supra."
Via v. Johnston, 521 So.2d 1324, 1326 (Ala. 1987). This does not mean that the PKPA abolished either the best interest rule or the emergency rules as to custody. Instead, the PKPA dictates which state is the proper forum for determining such issues, and, here, it is Florida. Via.
In view of the above, the trial court's judgment is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.