ROBERTSON, Presiding Judge.
After an ore tenus proceeding, the Alabama court found that it did not have jurisdiction under the Parental Kidnapping Prevention Act (28 U.S.C.A. § 1738A (West Supp.1986)) (PKPA).
The parties were divorced in the state of Washington, and custody of the children was awarded to the mother. The mother and children moved to Alabama. However, the father remained in Washington. In April 1989, the mother filed a motion in the Washington courts requesting that jurisdiction be transferred to Alabama. That motion was denied in May 1989. The Washington court specifically found that the mother had consistently violated every order it had issued. Further, it found that Washington still retained jurisdiction and, as noted above, declined to transfer jurisdiction to Alabama. The mother did not appeal from this decision.
In October 1990, the mother filed a petition for emergency and extraordinary relief in the Alabama courts. A jurisdictional hearing was conducted, and the trial court determined that it lacked jurisdiction over the matter. The mother now appeals.
This court has held on numerous occasions that Alabama courts are required to enforce a sister state's custody determination rendered in accordance with the PKPA. Stanley v. Department of Human Resources, 567 So.2d 310 (Ala.Civ.App.1990). An Alabama court does not have the authority to modify such orders unless the sister state loses jurisdiction or declines to exercise its jurisdiction. Stanley.
*5 Here, the Washington court entered the original custody determination. The father still lives in Washington, and the Washington court refused to relinquish jurisdiction. Therefore, the Alabama court was correct in concluding that it did not have jurisdiction to issue any orders concerning custody. See Stanley. This is true even though the mother made an allegation of abuse by the father. This court has previously held that the PKPA does not recognize an emergency as granting modification authority. Via v. Johnston, 521 So.2d 1324 (Ala.Civ.App.1987). Rather, the PKPA dictates which state is the proper forum for determining such issues, and, here, it is Washington.
In view of the above, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.