L. CHARLES WRIGHT, Retired Appellate Judge.
This appeal concerns a custody dispute between M.M.H. (mother) and T.L.L. and B.A.L. (maternal grandparents) over K.M.M., an 11-year-old female.
The maternal grandparents filed a petition for temporary custody of the minor child in the Juvenile Court of Lauderdale County, Alabama, on May 27, 1993. Based upon the petition, the court, ex parte, granted temporary custody to the grandparents and set the case for a temporary hearing.
The mother, a resident of Mississippi, was served with process. Appearing specially to contest the jurisdiction of the Lauderdale County Court, she filed a motion to dismiss. Following a hearing, the juvenile court denied the motion. The court allowed temporary custody of the child to remain with the grandparents pending a final hearing.
A hearing concerning the permanent custody of the child was held in August 1993. Following the hearing, the court entered an order granting permanent custody to the grandparents. The mother appeals.
The mother asserts that the Alabama court lacked jurisdiction to entertain the grandparents’ petition. She insists that she and the child were residents of Mississippi, that Mississippi was the home state of the child, and that Alabama had no jurisdiction. She relies on the Uniform Child Custody Jurisdiction Act, §§ 30-3-20 through -44, Code 1975.
The record reflects that the child was born in Lauderdale County, Alabama. Although the mother was married at the time, her husband was not the father of the minor child. The child has never been legitimated, and there has never been any litigation concerning the custody of the child. The child has lived in Lauderdale County all of her life until she moved to Mississippi in 1992. The grandparents have taken care of the child the majority of her life. The mother and the child’s extended family live within Lauder-dale County, Alabama, and its vicinity.
The mother moved to Mississippi in May 1992 due to pending marriage plans. She was married for the third time in July 1992. The child remained in Lauderdale County with her grandparents for the summer of 1992. She moved to Mississippi in August 1992 in time to begin school. She attended the entire school year in Mississippi.
The child testified that she did not get along with her stepfather. She related a number of instances in which he was abusive, both verbally and physically. She testified that her mother was aware of his abusive nature and failed to take any corrective measures to protect her. The child testified that on May 25, 1993, the stepfather made her completely undress in front of him. She did not relate the incident to her mother because she was afraid of the consequences. She told her grandparents about the episode two days later when they arrived to take her on their pre-planned trip to Disney World. The grandparents returned to Lauderdale County and immediately began the custody proceedings.
The mother testified at the hearing on her motion to dismiss. She presented conclusive evidence that she and the child were residents of Mississippi. The mother did not testify, nor did she present any evidence, at the hearing for permanent custody.
The mother filed an action in Mississippi, requesting that the Mississippi court take jurisdiction of the matter. On September 3, 1993, the Mississippi court entered an order holding that Alabama had properly assumed jurisdiction and that it was the more appropriate forum.
Jurisdictional issues concerning interstate child custody cases are controlled by the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West Supp.1990), and Alabama’s Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20 through -44, *569 Code 1975. In areas of conflict between the two, the PKPA prevails. Lyon v. Lyon, 618 So.2d 127 (Ala.Civ.App.1992). In this instance, we find no conflict between the two. We, therefore, focus our attention on the provisions of the UCCJA.
The UCCJA involves a three-step process when determining whether a state should assume jurisdiction of a custody matter. Initially, a court must determine whether it has authority, or jurisdiction, to act. Section 30-8-23 provides the guidelines for such a determination. That section provides the following:
“(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
“(1) This state:
“a. Is the home state of the child at the time of commencement of the proceeding; or
“b. Had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
“(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
“a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
“b. There is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
“(3) The child is physically present in this state and:
“a. The child has been abandoned; or
“b. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
“(4) a. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child; and
“b. It is in the best interest of the child that a court of this state assume jurisdiction.
“(b) Except under subdivision (3) and (4) of subsection (a), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
“(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.”
If a court determines that it does not have jurisdiction under § 30-3-23, the process stops. If the court determines that it does have jurisdiction, it must determine whether it is the more appropriate and convenient forum under the guidelines of § 30-3-27(c). Section 30-3-27(c) provides the following:
“(e) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
“(1) If another state is or recently was the child’s home state;
“(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
“(3) If substantial evidence concerning the child’s present or future care, protection, training, and personal relationships is more readily available in another state;
“(4) If the parties have agreed on another forum which is no less appropriate; and
“(5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 30-3-21.”
If the court finds that it is not the most appropriate or convenient forum, the court may decline to exercise jurisdiction. § 30-3-27. If the court assumes jurisdiction as the *570 most convenient forum, the court must determine if the action to be taken is precluded by an order or judgment of another state. § 30-3-34.
The mother’s only jurisdictional contention is that Mississippi is the minor child’s “home state” and that proper jurisdiction lies with that state. Section 30-3-22(5) defines “home state” as the state in which the child has resided with a parent for at least six consecutive months. There is no dispute that the child resided with her mother in Mississippi for six consecutive months. However, the “home state” requisite is but one of the criteria that the court should consider when determining whether to assume jurisdiction.
Considering the facts of this case, we find that the Alabama court had jurisdiction to entertain the grandparents’ petition, pursuant to § 30-3-23(a)(2) and (3). Considering the factors of § 30-3-27(c), we further find Alabama to be the more appropriate and convenient forum. Alabama was not precluded from assuming jurisdiction by an order of another state because this was an initial custody action and Mississippi subsequently declined to accept jurisdiction. The Alabama court properly assessed the matter in accordance with the UCCJA and properly assumed jurisdiction.
The mother argues that the trial court erred in granting permanent custody to the grandparents without finding her to be an unfit parent.
A natural parent has a prima facie right to the custody of his or her child. Ex parte Terry, 494 So.2d 628 (Ala.1986). In order for a nonparent to overcome the presumption, the court must find from clear and convincing evidence that the parent is so unfit for custody that the best interests of the child will be served by granting custody to the nonparent. Ex parte Terry.
The trial court did not find the mother to be unfit, nor did its order contain findings of fact to support such a conclusion. We are not clearly convinced that the evidence was sufficient to overcome the mother’s primary right to custody. We find that the trial court erred in failing to address the issue of the mother’s fitness. The judgment is reversed and the cause remanded to the trial court for that court to determine the fitness or unfitness of the mother and to enter a judgment based on the evidence accordingly. Ex parte Terry.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs in result only.