This is an interstate child custody case.
This case has a complicated procedural and factual history. Russell A. Krier and Kimberly Lynn Krier were divorced by order of the District Court of Coffey County, Kansas, on October 6, 1987. The divorce judgment granted the parties joint custody of their daughter, who was 11 months old at the time. Approximately three weeks later, the parties resumed living together. They lived in Kansas until August 1989, when they moved to Arkansas. In January 1990, they moved from Arkansas to Phenix City, Alabama, where they lived together with the mother's parents until about March 1990. In March 1990, the father moved to Georgia, and the mother and child continued to live in Phenix City with the mother's parents.
The child remained in Alabama with her mother until November 19, 1993, when the father took the child to Kansas for one week, during which the Kansas court modified its previous order to grant primary residential custody to the father. Then the father took the child to live with him in Albany, Georgia, until January 1994, when the father and child moved to Columbus, Georgia. The father and child lived in Georgia until May 1994, when the father moved back to Kansas, taking the child with him. *Page 1337 
The instant proceeding began in August 1994, when the mother petitioned the Circuit Court of Coffee County, Alabama, for a divorce, alleging that she had a common law marriage to the father, and requested that the trial court make a custody determination. On November 17, 1994, the mother went to Kansas and brought the child back to Alabama with her, without the father's consent or knowledge. On November 22, she filed a motion for immediate custody in Coffee County, Alabama, in which she argued that the Kansas court had lacked jurisdiction to modify the previous custody order, and that an emergency situation existed that would permit the Alabama court to grant her motion, in that, she said, the husband had abused the child and the child needed protection from his abuse. The trial court granted the motion for immediate custody and ordered that the child not be removed from Alabama, pending further order of the court. On November 28, 1994, the trial court held a hearing on the issue of jurisdiction. The father was not present, but was represented by counsel.
The child remained in Alabama with the mother until March 16, 1995, when the father returned to Alabama and sought the assistance of the Lee County Department of Human Resources. He alleged that the mother had kidnapped the child. The DHR filed a petition for temporary custody with the Lee County District Court, which was unaware of the pending proceedings in Coffee County, and which set a hearing for March 17. The father obtained the child, and the mother was arrested. The father did not attend the temporary custody hearing in Lee County, but left the state with the child and returned to Kansas. The Lee County District Court dismissed the proceedings against the mother upon learning of the pending custody determination in Coffee County.
On March 26, 1995, the trial court entered an order in which it declared that Alabama had jurisdiction over the determination of the child custody issue and denied the father's motions to dismiss and to set aside the November order granting the mother immediate custody. On May 19, 1995, the trial court set the trial for June 7, 1995. On June 1, 1995, the father filed a motion to continue the case, alleging that he was in Colorado and unable to travel to Alabama for the June 7 trial. The trial court denied the motion and conducted the trial as scheduled. The father remained in Kansas with the child and did not attend, but was represented by counsel. After trial, the trial court found that a common law marriage existed between the parties, divorced the parties, granted custody of the child to the mother, and ordered that the child be returned immediately to Alabama. The father filed a motion to suspend execution of the judgment, which the trial court denied. The father appeals.
On appeal, the father first contends that the trial court lacked jurisdiction to modify the Kansas court's child custody order and that Kansas is the appropriate forum. We disagree.
Interstate child custody disputes are governed by the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A (West 1994), and the Uniform Child Custody Jurisdiction Act (UCCJA), § 30-3-20 et seq., Ala. Code 1975. Shook v. Shook,651 So.2d 6 (Ala.Civ.App. 1994). See, also M.M.H. v. T.L.L.,634 So.2d 567 (Ala.Civ.App. 1994).
The PKPA provides:
 "(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
 "(1) it has jurisdiction to make such a child custody determination; and
 "(2) the court of the other State no longer has jurisdiction, or it had declined to exercise jurisdiction to modify such determination."
28 U.S.C. § 1738A(f). Thus, we must first determine whether Alabama has jurisdiction in this case. The PKPA provides when a state has jurisdiction:
 "(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —
 "(1) such State has jurisdiction under the law of such state; and
"(2) one of the following conditions is met:
 "(A) such State (i) is the home state of the child on the date of the commencement *Page 1338 
of the proceeding, or (ii) had been the child's home State within six months before the date of commencement of the proceeding and the child is absent from the State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
 "(B)(i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
". . . .
 "(D)(i) it appears that no other State would have jurisdiction . . . or another State had declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction."
28 U.S.C. § 1738A(c).
The record shows that the Alabama trial court had jurisdiction to render a child custody determination. The trial court noted in its March 26, 1995, order, in which it declared that it had jurisdiction over this case, that the child had spent the majority of her life in Alabama, that substantial evidence concerning the child's welfare and care was more readily available in Alabama, and that Alabama has more contacts with the child than Kansas does, making Alabama the more appropriate forum. These factors satisfy the requirements of § 1738A(c)(2)(B) to confer jurisdiction on Alabama. Additionally, that same finding is sufficient to confer jurisdiction under Alabama law pursuant to UCCJA § 30-3-23(a)(2), in satisfaction of the first requirement of28 U.S.C. § 1738A(c)(1).
We must next determine whether the second jurisdictional requirement is met under § 1738A(f)(2), which would allow Alabama to modify the Kansas custody order. Alabama courts are required by the PKPA to enforce a sister state's custody order rendered in accordance with the PKPA and have no authority to modify such an order unless the sister state loses jurisdiction or declines to exercise it. Stanley v. Department of HumanResources, 567 So.2d 310 (Ala.Civ.App. 1990). The trial judge stated in the record that he had conferred with the Kansas district court judge, and that that judge had agreed to dismiss any civil actions pending in Kansas and to defer to the Alabama court on resolution of the issues. Thus, the trial court had the jurisdiction to modify the previous Kansas custody order under § 1738A(f) because the Kansas court had declined to exercise jurisdiction in favor of allowing the Alabama court to decide the issues. Therefore, we affirm the trial court's finding that it had jurisdiction to rule on the issue of child custody. Because the Kansas court declined to exercise jurisdiction, we need not address the issue of whether Kansas has jurisdiction to hear this case.
The father next contends that the trial court abused its discretion in denying his motion to continue the case. His motion stated that he was notified on May 22, 1995, that the trial had been set for June 7, 1995, and that he was unable to make plans to travel to Alabama on such short notice. Likewise, his attorney represented at the hearing on June 7 that she had received notice on May 22, only 16 days before trial.
A trial court generally has broad discretion when deciding whether to grant or to deny a continuance. Swann v. Caylor,516 So.2d 699, 701 (Ala.Civ.App. 1987). However, the UCCJA places a specific time requirement on the notice to be given in cases governed by the statute. Section 30-3-24, Ala. Code 1975, requires that reasonable notice be given to all contestants in cases falling within the ambit of the UCCJA. The statute further provides: "If any of these persons is outside this state, notice and opportunity to be heard shall be given pursuant to section 30-3-25." § 30-3-24, Ala. Code 1975 (emphasis added). Section 30-3-25, in addition to listing the appropriate manner for *Page 1339 
giving notice, provides that "[n]otice under this section shall be served, mailed, or delivered, or last published, at least 20days before any hearing in this state." § 30-3-25(b), Ala. Code 1975 (emphasis added). However, the statute further provides that "[n]otice is not required if a person submits to the jurisdiction of the court." § 30-3-25(d).
The trial court had considered the jurisdiction issue earlier and declared that it had jurisdiction in a March 26, 1995, order. The hearing at issue was held on June 7, 1995, and the father was represented by counsel at that hearing. An appearance by counsel to advance the father's argument that the trial court lacked jurisdiction over this case did not waive his defense of lack of jurisdiction. Gaudin v. CollateralAgency, Inc., 624 So.2d 631 (Ala.Civ.App. 1993). However, once the trial court determined that it had jurisdiction and the father's attorney continued to represent him by arguing the merits of the case, the representation by counsel was sufficient for the trial court to consider the father to have submitted to its jurisdiction. Indeed, merely filing a document with a court has been considered "an appearance" for the purposes of determining when notice must be given to a party before entering a default judgment against that party, Cockrellv. World's Finest Chocolate Co., 349 So.2d 1117 (Ala. 1977). TheCockrell court stated that "[a]n appearance in an action involves some submission to the court by which a party shows his intention to submit himself to the jurisdiction of the court." Id. at 1120. For purposes of the notice provision of § 30-3-25 only, we believe that, by analogy, the representation by counsel on the merits of the case constitutes submission to the jurisdiction of the trial court.
Therefore, because the father submitted to the jurisdiction of the trial court, removing the 20-day notice requirement of § 30-3-25, we review the denial of the motion for continuance for an abuse of discretion. As the trial court noted, the father had not availed himself of his opportunities to be present on the previous hearing dates that had been set. In fact, after coming to Alabama and obtaining the assistance of the Lee County Department of Human Resources to obtain the child on March 16, 1995, he left the state and failed to appear at the hearing that the Lee County District Court had set for the next day. Therefore, we find no abuse of discretion committed by the trial court in denying the father's motion to continue.
The father additionally contends that the trial court erred in determining that a common law marriage existed between the parties, because, he argues, there was insufficient evidence to support such a finding. The elements of a valid common law marriage are: (1) capacity; (2) present agreement or consent to be husband and wife; (3) public recognition of the existence of the marriage; and (4) cohabitation or mutual assumption openly of marital duties and obligations. Coleman v. Aubert,531 So.2d 881 (Ala. 1988). The trial court's finding of a common law marriage was based on ore tenus evidence, and, therefore, is entitled to a strong presumption of correctness. The trial court's finding may be reversed only if it is unsupported by the evidence or is plainly and palpably wrong. Copeland v.Richardson, 551 So.2d 353 (Ala. 1989).
The evidence regarding whether a common law marriage existed is found in the trial testimony of the mother. The father argues that her testimony supports a finding that the parties had no intent to resume a marital relationship. The mother testified that she and the father resumed living together three weeks after their divorce, and that their cohabitation was "off and on" for a while. She stated that about May 1989, when they moved to Beloit, Kansas, they began to consider themselves married and began representing themselves to others as husband and wife, and that they did not separate again until March 1990. She testified that they wore their wedding rings during most of their cohabitation. There was also evidence showing that they filed a joint tax return for 1989. We find, based on this evidence, that there was evidence to support the trial court's, finding that a common law marriage existed.
Thus, the trial court had the jurisdiction to make a child custody determination not only under the PKPA, but also by virtue *Page 1340 
of § 30-3-1, Ala. Code 1975, which states that "[u]pon granting a divorce, the court may give the custody . . . of the children of the marriage to either father or mother." However, the father argues that there was insufficient evidence to support the trial court's decision to grant custody to the mother. When the trial court's judgment is based on ore tenus evidence, it is entitled to a presumption of correctness and will be affirmed if it is supported by competent evidence, unless it is shown to be palpably wrong. Blankenship v. Blankenship,534 So.2d 320, 321 (Ala.Civ.App. 1988). The record reveals that the mother and the daughter have a close relationship. The child testified that her mother provides her with food and clothing and other necessities. We cannot say that the trial court's decision to award custody to the mother was unsupported by the evidence or was palpably wrong.
The trial court's finding that it has jurisdiction to hear this child custody case and its judgment divorcing the parties and awarding custody to the mother are due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs specially.
ROBERTSON, P.J., concurs in the result.