**EUGENE JOSEPH PASLOV, DR. EUGENE and SUSAN PASLOV, Plaintiffs,**

**v.**

**KATHLEEN MASANI COX, Defendant.**

High Court of American Samoa
Trial Division

CA No. 37-03

May 19, 2004

Before KRUSE, Chief Justice, and LOGOAI, Associate Judge.

Counsel: For Plaintiffs, Asaua Fuimaono
For Defendant, David M. Wagner

### ORDER GRANTING MOTION FOR
### JUDGMENT ON THE PLEADINGS

Plaintiffs Eugene Joseph Paslov ("Eugene"), Dr. Eugene Paslov, and Susan Paslov seek enforcement of a July 22, 2002 Montana state custody order regarding the custody of Eugene's minor son. The child's mother, Kathleen Cox ("Kathleen"), opposes the petition and moves for judgment on the pleadings. For the reasons stated below, we grant Kathleen's motion.

## Standard of Review

In deciding a motion for judgment on the pleadings, the same standard is used as that for determining a motion brought pursuant to T.C.R.C.P. 12(b)(6). *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.,* 64 F.3d 1112, 1114 (7th Cir. 1995). In reviewing a motion under T.C.R.C.P. 12(c), "the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them," as well as matters of judicial notice. 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE §§ 12.38, 12.34[2] (3d ed. 1999). A motion for judgment on the pleadings "should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hentosh v. Herman M. Finch Univ. of Health Sciences,* 167 F.3d 1170, 1173 (7th Cir. 1999) (citations omitted).

## Discussion

This is not the first time Eugene and Kathleen have been before this court regarding the custody of their minor child. Indeed, on July 17, 2001, we entered an order modifying an earlier Montana state custody decree and designating Kathleen as the exclusive custodian of the minor child.[1] *Cox v. Paslov,* 5 A.S.R.3d 150 (Trial Div. 2001). In that order, after careful consideration of the facts and law, we determined that the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A ("PKPA"), required that we give the Montana decree full faith and credit. *Cox,* at 158. We also determined that we had jurisdiction to modify the Montana decree. *Id.* at 162. Eugene moved for reconsideration but later withdrew his motion, thereby forgoing his right to appeal our decision.[2]

Instead, Eugene, along with his parents, Dr. Eugene and Susan Paslov, moved in the Montana court to enforce the previous Montana custody decree (which had been superseded by our July 17, 2001 Order) and moved for grandparent visitation rights. Judge Ted L. Mizner of the Montana Third Judicial District Court of Powell County ("Judge Mizner") granted the motions claiming the Montana court still had jurisdiction over the parties and the subject matter. July 22, 2002 Order at 2-3. Judge Mizner rejected our July 17, 2001 Order without providing any comprehensive analysis of jurisdiction under the PKPA. Eugene and his parents now seek to enforce Judge Mizner's July 22, 2002 Order.

---

[1] Our July 17, 2001 Order provides a detailed factual and legal analysis. We take judicial notice of that order for the purposes of making the current determination.

[2] We take judicial notice of Eugene=s August 2, 2001 Motion for Reconsideration and of his August 27, 2001 Motion to Withdraw Reconsideration.

As we thoroughly discussed in our July 17, 2001 Order, the Montana court had neither "continuing jurisdiction" nor "pending jurisdiction" over custody as contemplated under the PKPA. *Cox*, at 159-161. We found Montana did not have "continuing jurisdiction" under the PKPA because the minor child, Kathleen, and Eugene no longer resided in Montana. *Id.* at 160. Finding that the Montana court no longer had "continuing jurisdiction," we next analyzed whether the Montana court had "pending jurisdiction." *Id.* at 160-161. In our order, we found Montana had made a final custody determination on September 11, 2000, transferring the minor's custody to Eugene. *Id.* at 160. Judge Mizner claims the Montana court never lost jurisdiction because an enforcement action against Kathleen was pending in Montana. July 22, 2002 Order at 2. However, we specifically found that there was no action pending in the Montana courts that affected a custody determination as that term is used under the PKPA. *Cox*, at 161. We found that Judge Mizner had made his final custody determination and any action pending at the time was wholly separate from a custody determination. *Id.* Because Montana had neither "continuing" nor "pending" jurisdiction, we found Montana had lost jurisdiction. *Id.*

After determining Montana had lost jurisdiction, we undertook a comprehensive analysis of whether we had jurisdiction under the PKPA and determined that we did, in fact, have jurisdiction under PKPA. *Id.* at 161-162. Judge Mizner mischaracterizes our order claiming by its reasoning we are allowed to review any other jurisdiction's custody determination if the parties are present in American Samoa. July 22, 2002 Order at 2. In reading our decision, it is readily apparent that we went to great lengths to comply with the PKPA's mandate.

■ We believe Judge Mizner's reading of our July 17, 2001 Order and the PKPA was flawed. We find that his July 22, 2002 Order purporting to enforce the earlier Montana decree (which had been superseded by our July 17, 2001 Order) and to modify the earlier Montana decree to grant grandparents' rights is invalid. We have no obligation to give an order that was made inconsistently with the PKPA full faith and credit and, indeed, refuse to do so.[3] *See, e.g., Thompson v. Thompson*, 484 U.S. 174, 175-76 (1988); *In the Matter of Smith*, 549 So.2d 103, 104 (Ala. Ct. App. 1989).

---

[3] Because the Montana order fails to comply with the PKPA, we are not required to give it full faith and credit as a foreign judgment as that term is defined in section 43.1702 of the American Samoa Code Annotated. A.S.C.A. § 43.1702 ("In this chapter, "foreign judgment" means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this Territory.").

## Order

Kathleen's motion for judgment on the pleadings is granted.

It is so ordered.